## UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF FLORIDA

AMERICA 2030 CAPITAL LIMITED,

     Plaintiff,

         v.

MARK BRANTLEY

DANIEL BRANTLEY ATTORNEYS AT LAW

BRIAN BARNES

ELIZABETH HARPER

DIA FORRESTER

SUNPOWER BUSINESS GROUP PTE LTD

TOURNAN TRADING PTE LTD,

     Defendant(s).

C.A. No. _____

**Jury Trial Demanded**

## COMPLAINT

     Plaintiff, America 2030 Capital Limited (hereinafter referred to as "Plaintiff") hereby files this complaint against Mark Brantley, Daniel Brantley Attorneys at Law, Brian Barnes, Elizabeth Harper, Dia Forrester, Sunpower Business Group PTE Ltd, and Tournan Trading PTE Ltd (hereinafter referred to as "Defendants") for Breach of Confidentiality. Defendants breached confidentiality by: (1) Violation of Ethical Duty, (2) Conflict of Interest, (3) Breach of Sacrosanct Privacy of Attorney-Client Privilege, (4) Misuse of Confidential Information, (5) Breach of Duty, and (6) Professional Negligence.

## I.   BASIS FOR JURISDICTION - DIVERSITY JURISDICTION

1.   The Parties to this Complaint

**A.   The Plaintiff**

America 20230 Capital Limited, Plaintiff is a corporation in good standing in Colorado whose Registered Agent is located in Colorado Springs, El Paso County, State of Colorado. Plaintiff's principal place of business in Atlanta, Georgia.

**B.   The Defendants**

**a)   First Defendant**

**Mark Brantley**, attorney and founding partner at Daniel Brantley Attorneys at Law, Premier of Nevis, and resident of the state of Saint Christopher and Nevis.  Defendant Mark Brantley's email address is mark.brantley@danielbrantley.com, and phone number 869-662-2345.  Defendant Mark Brantley is a citizen of and domiciled in Nevis, West Indies who travels routinely to US, conducts business in US, has US clients, owns, and controls directly and indirectly bank accounts in US as well as in Nevis in United States currency and routinely engages in commerce using United States currency.

**b)   The Second Defendant**

**Daniel Brantley Attorneys at Law**, (Former Daniel Brantley Law Firm) a partnership formed in the State of Saint Christopher and Nevis, whose current partners are Mark A.G. Brantley, a resident of Nevis. Brian J. Barnes, resident of Nevis, Elizabeth A. Harper, resident of Nevis, Dia C. Forrester, resident of Nevis, and Adrian S. Daniel, residents of Nevis. Defendant Daniel Brantley Attorneys at Law's principal place of business is in Nevis, West Indies, which owns, is the beneficiary of, and controlling entity over bank accounts in United States as well as in Nevis which are denominated in US currency. Defendant Daniel Brantley Law Firm partners, all of whom are

named in this complaint individually, are domiciled in Nevis, West Indies. Defendant Daniel

Brantley Law Firm also employs two associates, Adrian S. Daniel and Michelle Jan S. Slack, who

are not personally named in this Complaint, but regardless, both are also domiciled in Nevis, West

Indies.

**c)      The Third Defendant**

**Brian Barnes,** in its individual capacity, Brian Barnes is attorney and partner at Daniel Brantley

Attorneys at Law; domiciled in the State of Saint Christopher and Nevis, email address of

brian.barnes@danielbrantley.com, and a phone number of 869-662-2349. Defendant Brian Barnes

is a citizen of and resident of Nevis, West Indies. Defendant is a partner at Daniel Brantley

Attorneys at Law, who travels routinely to US, conducts business in US, has US clients, owns, and

controls directly and indirectly bank accounts in US as well as in Nevis in United States currency,

and routinely engages in commerce using United States currency.

**d)      The Fourth Defendant**

**Elizabeth Harper,** in its individual capacity, Elizabeth Harper is attorney and partner at Daniel

Brantley Attorneys at Law; she is resident and citizen of the State of Saint Christopher and Nevis,

with an email address of elizabeth.harper@danielbrantley.com, and a phone number 869-662-

2347. Defendant is a partner at Daniel Brantley Attorneys at Law, who travels routinely to US,

conducts business in US, has US clients, owns, and controls directly and indirectly bank accounts

in US as well as in Nevis in United States currency, and routinely engages in commerce using

United States currency.

**e)      The Fifth Defendant**

**Dia Forrester,** in its individual capacity. Dia Forrester is attorney and partner at Daniel Brantley

Attorneys at Law, resident and citizen of the State of Saint Christopher and Nevis, with email

address dia. forrester@danielbrantley.com, and phone number 869-662-2350. Defendant is a partner at Daniel Brantley Attorneys at Law, who travels routinely to US, conducts business in US, has US clients, owns, and controls directly and indirectly bank accounts in US as well as in Nevis in United States currency, and routinely engages in commerce using United States currency. Additionally, Defendant Dia Forrester has availed herself of United States' jurisdiction as she appeared as an expert witness in Federal proceedings in the United States.

**f)      The Sixth Defendant**

**Sunpower Business Group PTE Ltd,** a company incorporated under the laws of Singapore, UEN 201530913M, with registered office at 55 Lorong L Telok, Kurau #03-63, Postal 425500, and principal place of business at 55 Lorong L Telok, Kurau #03-63, Postal 425500, Singapore. Defendant Sunpower Business Group is an investment holding company owned solely by Guo Hong Xin, Executive Chairman of Sunpower Group Ltd Sunpower Group Ltd has two (2) United States incorporated subsidiaries and boasts customers from around the globe including well-known gas stations BP, Shell, and ExxonMobil. Sunpower Group Ltd.'s third largest shareholder is United Overseas Bank which has a physical Florida location. Defendant Sunpower Business Group PTE Ltd engages in global commerce using United States currency and owns and maintains directly and indirectly bank accounts denominated in US currency.

**g)      The Seventh Defendant**

**Tournan Trading PTE Ltd,** a company incorporated under the laws of Singapore, UEN 201534509M, with registered office at 55 Lorong L Telok, Kurau #03-63, Postal 425500 and principal place of business at 55 Lorong L Telok, Kurau #03-63, Postal 425500, Singapore. Defendant Tournan Trading PTE Ltd is an investment holding company owned solely by Ma Ming, Executive Director of Sunpower Group Ltd Sunpower Group Ltd has two (2) United States

incorporated subsidiaries and boasts customers from around the globe including well-known gas stations BP, Shell, and ExxonMobil. Sunpower Group Ltd's third largest shareholder is United Overseas Bank which has a physical Florida location.  Defendant Tournan Trading PTE Ltd engages in global commerce using United States currency and owns and maintains directly and indirectly bank accounts denominated in US currency.

2.      Under 28 U.S.C. § 1332(a), this Court has subject matter jurisdiction given that the Plaintiff and Defendants enjoy complete diversity as the Defendants are domiciled in Nevis, West Indies and Singapore; whereas the Plaintiff is a Colorado corporation in good standing with a Registered Agent located in Colorado Springs, State of Colorado with a principal place of business in Atlanta, Georgia. In accordance with the second requirement for diversity, the amount in controversy exceeds $75,000. Plaintiff further asserts, regarding the amount in controversy, that each cause of action herein meets and exceeds the threshold of $75,000 given the immense injury Plaintiff has suffered as a result of Defendants' conduct. As such, the two requirements for diversity jurisdiction are met for each cause of action stated and, thus, this Court properly enjoys jurisdiction over this matter.

3.      This court has personal jurisdiction over Defendants under Fla. Stat. § 48.193 as Defendants regularly engage in business ventures and carry on business in the state of Florida. Pursuant to FRCP Rule 4(k)(1)(a), since the Circuit Court for the Eleventh Circuit of Florida would have personal jurisdiction over the Defendants, then the Federal District Court for the Southern District has personal jurisdiction over the Defendants as well. Personal jurisdiction is proper in this instance because it does not offend traditional notions of fair play and substantial justice given that Defendants have sufficient "minimum contacts" with the state of Florida. The exercise of personal jurisdiction of this court comports with due process because the defendants have

purposefully established "minimum contacts" in the forum State. *Asahi Metal Indus. Co. Ltd. v. Superior Court of Cal.,* 480 U.S. 102, 109 (1987).  Such minimum contacts are based on the different acts in which the Defendants have purposefully availed themselves of the privilege of conducting business within the State of Florida, thus invoking the benefits and protections of its laws. *Id.* at 109.  Defendants Sunpower Business Group Pte Ltd and Tournan Trading PTE Ltd are both investment holding companies wholly owned by both the Executive Chairman and Executive Director of Sunpower Group Ltd, an entity whose third largest shareholder has a physical location in this country. Defendants Daniel Brantley Attorneys at Law, and Mark Brantley, Brian Barnes, Elizabeth Harper and Dia Forrester, specifically target their services to residents of the state of Florida, and its intent to serve the market in this state is well established.

4.      Defendants Mark Brantley, Daniel Brantley Attorneys at Law (former Daniel Brantley Law Firm, a Partnership formed in the State of Saint Kitts and Nevis) and the three named partners of Daniel Brantley Attorneys at Law were retained by Plaintiff, in 2018, and the relationship between Plaintiff and Defendants continues to this day, as such representation has not been terminated. From the beginning of the attorney-client relationship, the Defendants, the law firm and its partners, learned confidential information and trade secrets from Plaintiff who confided to the Defendants Daniel Brantley Attorneys at Law and the partners named as Defendants of this action, such information with the goal of obtaining legal advice and representation.

5.      Shortly after Daniel Brantley Attorneys at Law was retained by Plaintiff, Defendants Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd were represented by Daniel Brantley Attorneys at Law, Mark Brantley, Dia Forrester, Elizabeth Harper, and Brian Barnes in an action initiated by Sunpower Business Group PTY and Tournan Tradaing PTE against Plaintiff. Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd were privy to the confidential

information Plaintiff confided to Daniel Brantley Attorneys at Law (Daniel Brantley Law Firm, at the time) and its partners Mark Brantley, Brian Barnes, Dia Forrester and Elizabeth Harper. Subsequently, all Defendants used Plaintiff's confidential information to their advantage in matters materially adverse to Plaintiff.

6.      Furthermore, Defendants Mark Brantley, Daniel Brantley Attorneys at Law, Dia Forrester, Brian Barnes and Elizabeth Harper routinely visit the United States for business, tourism, and personal matters. Defendants have clients in the United States, as is demonstrated by the Plaintiff, solicit clients from the United States, maintain and serve clients residing in United States, meet clients in the United States, receive currency from the United States, transmit currency to United States in United States Dollars, engages in trade with US currency, and own and maintain bank accounts in the United States as well as abroad, in US currency. Therefore, Defendants regularly avail to the jurisdiction of the United States, and subsequently, this Court.

7.      Additionally, this Court should exercise jurisdiction given that the named defendant, Mark Brantley, is a prominent political figure, former Minister of Foreign Affairs and currently serving as the Premier of Nevis. As the Premier of Nevis, Defendant Mark Brantley heads the Nevis Island Administration which is the autonomous governing body within the Federation of Saint Kitts and Nevis. There are several published articles indicating that Defendant Mark Brantley has been known to have improperly influenced Nevis judges in the past.

8.      Given that Defendant Mark Brantley is a well-known politician and leader in Nevis, this Court should exercise jurisdiction in that it would be nearly impossible and very unlikely to have a fair trial in Nevis, an island with a small population and known for its high levels of corruption. Thus, in the interests of justice and fairness, this Court should exercise jurisdiction.

9. This Court should also consider the current political atmosphere in Nevis, West Indies when considering whether the action is proper in this Court. While media reports self-censoring to avoid problems with the government in Nevis, there are reports to indicate that corporate bribery is prevalent in Nevis and, in an instance involving a Citizens by Investments program, Nevis government officials were involved in fraud.

10. Defendant Mark Brantley is one of the top government officials. Plaintiff requests this Court consider these facts given that a trial in Nevis would be extremely prejudicial towards the Plaintiff as Defendants have immense political power.

11. Pursuant to CPLR § 503(a) the place of trial shall be in the county in which one of the parties resided when it was commenced; the county in which a substantial part of the events or omissions giving rise to the claim occurred; or, if none of the parties then resided in the state, in any county designated by the plaintiff. Plaintiff designates venue at the United States District Court for the Southern District of Florida, which encompasses Broward County, among others, because this is the venue where the Defendants may be summoned or served, since they realize periodic visits to Florida for business.

Plaintiff moves to consider the above explained factors to determine that this court is the correct venue for this claim under the principle of forum non conveniens *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). In this venue, both parties will have access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses would be more convenient to the Plaintiff. There is no other venue where this claim could be brought in fairness to the Plaintiff. Defendants in their own country are free to vex, harass, and oppress the Plaintiff, by inflicting upon the Plaintiff expense

and trouble, given the position of Premier of Nevis of one of Mark Brantley, one of the Defendants.

There are also factors of public interest to consider in deciding the forum in this court. Rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself, is better having the trial of a diversity case in a forum that is at home with the state law that must govern the case.

## II.    STATEMENT OF CLAIM

12.    Plaintiff operates a well-known business of stock loans around the world and engaged Defendant Daniel Brantley Attorneys at Law (Daniel Brantley Law Firm, at the time) for legal representation.

13.    Defendant operates a law firm engaged in the practice of International Law catering to and serving United States citizens such as the Plaintiff.

14.    Plaintiff obtained active legal counsel and advice from Daniel Brantley Attorneys at Law beginning in May of 2018, and continuing through July of 2018.  However, the legal relationship formed between Plaintiff and Daniel Brantley Attorneys at Law has never been terminated.

15.    During the attorney-client relationship between Plaintiff and Daniel Brantley Attorneys at Law, and its partners and attorneys Mark Brantley, Brian Barnes, Elizabeth Harper and Dia Forrester, Plaintiff shared with the Defendants Daniel Brantley Attorneys at Law and its partners, confidential information and trade secrets of Plaintiff.

16.    After learning Plaintiff's confidential information received as part of an attorney-client relationship, Defendant Daniel Brantley Attorneys at Law started representing Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd in a legal capacity.

17.     Defendant continues representing Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd in matters that are materially adverse to Plaintiff. During the course of representation of Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd, Defendant used confidential information which was previously disclosed by Plaintiff to Defendants' advantage.

18.     Additionally, Sunpower Business Group PTE continues to advantageously utilize the confidential information obtained through their relationship with Defendants Mark Brantley, Daniel Brantley Attorneys at Law, and its three named partners.

19.     Defendant Daniel Brantley Attorneys at Law, and its partners failed to cease and desist its representation of Sunpower Group PTE Ltd and Tournan Trading PTE Ltd after Plaintiff requested them to do so.

20.     Furthermore, Plaintiff continues to remain a client of Daniel Brantley Attorneys at law today.

21.     Plaintiff never consented to the Daniel Brantley Attorneys at Law's legal representation of Sunpower Group PTE Ltd and Tournan Trading PTE Ltd.

22.     Plaintiff never consented to the disclosure of the confidential information and trade secrets divulged to Daniel Brantley Attorneys at Law, and its partners during their legal representation.

## FIRST CAUSE OF ACTION

### *Violation of Ethical Duty*

23.      Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

24.     Under the ABA Model Rules of Professional Conduct, Rule 1.9 states that, "a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in a same

or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."

25.     Under the Legal Profession Act No. 33 of 2008 of Saint Christopher and Nevis, where Defendant's law firm was registered and operating, and when the contract to represent Plaintiff was entered, was enacted to provide for the regulation of the legal profession in this country.  In the same way as the ABA Model Rules of Professional conduct, the Legal Profession Act includes a code of ethics which all attorneys at law must abide by.  Paragraph 22 (2) of Part A of Schedule 4 of the Act, states the obligation of all attorneys to guard scrupulously, **and never divulge,** the secrets and confidence of his client, except with this client's consent. Likewise, Paragraph 15 of Part B of Schedule 4, establishes that an attorney at law **shall never disclose, unless ordered to dos so by the Court or required by statute,** what has been communicated to him in his capacity as an attorney at law by his client or the attorney at law at his client and this duty not to disclose extends to his partners and to any junior attorney at law assisting him.

26.     To determine if there has been a violation of the sacrosanct duty of an attorney to keep the confidentiality of the information received from a client in the course of an attorney-client relationship, both in the US and in Saint Christopher and Nevis, three elements must be met: (1) the moving party must demonstrate the existence of an attorney-client relationship, (2) that the former representation was "the same or substantially related" to the current litigation, and, finally, (3) that the current client's interest are "materially adverse" to the former client's interest. *Roosevelt Irrigation Dist.v. Salt River Project Agricultural Improvement and Power Dist.*, 810 F. Supp. 2d 929, 945 (D. Ariz. 2011).

27.     Plaintiff entered into an attorney-client relationship with Defendant on May 2018, and this relationship has never been terminated.

28.     Throughout the duration of this relationship, specifically the months of May, June, and July of 2018, Plaintiff shared confidential information with Defendants Daniel Brantley Attorneys at Law (then Daniel Brantley Law Firm) confident that this information was protected under the attorney-client relationship.

29.     Defendant Daniel Brantley Attorneys at Law and its partners currently represent Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd in matters that are substantially related to the matters which Plaintiff consulted with Defendant.

30.     Defendant's current client's, Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd, interests are materially adverse to the Plaintiff as a current and former client. Furthermore, the Defendant's use of Plaintiff's confidential information continues to pose a substantial risk of injury to the Plaintiff.

31.     Defendant refused and failed to cease representation of Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd after being asked to do so via certified letter from Plaintiff.

32.     All named Defendants continue to use Plaintiff's confidential information for matters materially adverse to Plaintiff which, subsequently, continues to harm Plaintiff in a financial, business, and personal capacity.

33.     Additionally, Plaintiff's confidential information continues to be used as a bargaining chip to further the political and financial agenda of Defendants.

34.     Therefore, Defendant's continued representation of Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd is a violation of attorney's ethical duty to current and former clients.

## SECOND CAUSE OF ACTION

### *Conflict of Interest*

35.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

36.     As aforementioned, ABA Model Rule of Professional Conduct 1.9 states, "a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed by writing."

37.     Likewise, Paragraph 10 (1) of Title III of the Saint Christopher and Nevis Legal Profession Act No. 33 of 2008, establishes that " *an attorney-at law shall always act in the best interest of his client, represent him honestly, competently and zealously and endeavour by all fair and honourable means to obtain for him the benefit of any and every remedy and defense which is authorized by law, always bearing in mind that his duties and responsibilities should be carried out within and not without the boundaries of the law."* The Act provides in Paragraph 25 of the Act states that an attorney may represent multiple clients **only** if he can adequately represent the interests of each and if each **consents** to his or her representation after full **disclosure** of the possible effects of multiple representation. Schedule 4 Part B, related to *Mandatory Provisions and Specific Provisions* of the Saint Christopher and Nevis's Act, states that an attorney shall not act in any manner in which his professional duties and personal interests' conflict or are likely to conflict except with the specific approval of his or her client given after **full disclosure** to the client.  An attorney shall not accept or continue his retainer or employment on behalf of two or

more clients if their interests are likely to conflict or if his independent professional judgment is likely to be impaired.

38.   To determine whether a conflict exists, courts look to three elements: (1) the existence of an attorney-client relationship, (2) that the former representation was "the same or substantially related" to the current litigation, and (3) that the current client's interests are materially adverse" to the former client's interests. *Roosevelt Irrigation Dist.v. Salt River Project Agricultural Improvement and Power Dist.*, 810 F. Supp. 2d 929, 945 (D. Ariz. 2011).45. Matters are considered to be substantially related "if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." Model Rules of Prof'l Conduct R. 1.9 cmt. 3 (2018).

39.   Conflicts of interest exist when the general subject matter of the prior representation was substantially related to the issues that would necessarily be resolved in the subsequent action. *Roosevelt Irrigation Dist. v. Salt River Project Agricultural Improvement and Power Dist.*, 810 F. Supp. 2d 929, 945 (D. Ariz. 2011).

40.   Plaintiff previously entered into an attorney-client relationship with Defendant and such relationship continues

41.   In May, June, and July of 2018, Plaintiff divulged confidential information to Defendant in the course of the attorney-client relationship.

42.   Defendant currently represents Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd in matters that are substantially related to Plaintiff.

43.   Defendant's current client's, Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd, interests are materially adverse to the Plaintiff as a current and former client given that

there is a substantial risk that Plaintiff's confidential information will advance Defendant's client position in subsequent matters.

44.      Plaintiff never consented to Defendant's representation of Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd. Furthermore, Plaintiff sent a cease-and-desist letter to Defendant requesting that Defendant cease all representation of Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd.

45.      Therefore, Defendant's continued representation of Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd is a conflict of interest.


### THIRD CAUSE OF ACTION

***Breach of Sacrosanct Privacy of the Attorney-Client Relationship and the Violation of***

***Professional Integrity***

46.      Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

47.      Courts have a duty to safeguard the sacrosanct privacy of the attorney-client relationship to maintain public confidence in the legal profession and to protect the integrity of the judicial proceeding. *Chemical Waste Mgmt., Inc. v. Sims*, 875 F. Supp. 501, 503 (N.D. Ill. 1995).

An attorney-client relationship is formed when an attorney renders advice directly to a client who has consulted him seeking legal counsel. *Boskoff v. Yano*, 57 F. Supp. 2d 994, 998 (D. Haw. 1998).

48.      A fundamental principle in the lawyer-client relationship is that a lawyer shall maintain the confidentiality of the information relating to the representation. *Freeman v. Chicago Musical Instrument Co.*, 689 F. 2d 715, 721 (7th Cir. 1982).

49.     Plaintiff previously entered into an attorney-client relationship with Defendant by seeking legal counsel and representation from Defendant and such relationship continues.

50.     Plaintiff provided confidential information during the months of May, June, and July of 2018.

51.     Plaintiff provided confidential information believing that the information would remain confidential given that it was obtained during the course of legal representation.

52.     Defendant currently represents Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd in matters that are substantially related to Plaintiff.

53.     Defendant's current client's, Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd interests are materially adverse to the Plaintiff as a current and former client given that there is a substantial risk that Plaintiff's confidential information will advance Defendant's client position in subsequent matters.

54.     Plaintiff never consented to Defendant's representation of Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd. Furthermore, Plaintiff sent a cease and desist letter to Defendant requesting that Defendant cease all representation of Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd.

55.     Defendant's continued representation of Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd is a breach of the sacrosanct attorney-client relationship and a violation of professional integrity.

## <u>FOURTH CAUSE OF ACTION</u>

### *Misuse of Confidential Information*

56.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

57.     Under the ABA Model Rules of Professional Conduct, Rule 1.6 states, "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted" by necessity.

58.     An attorney's first ethical duty to a client is confidentiality, which fosters full and open communication between a client and attorney based on the client's understanding that the attorney is obligated to maintain the client's confidentiality. *UMG Recordings, Inc. v. MySpace, Inc.*, 526 F. Supp. 2d 1046,1058 (C.D.Cal. 2007).

59.     Plaintiff previously entered into an attorney-client relationship with Defendant and such relationship continues as it was never terminated.

60.     During the course of that representation, Plaintiff divulged confidential information to Defendant under the presumption that Plaintiff's confidential information would be kept confidential.

61.     Defendant currently represents Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd in matters that are substantially related to Plaintiff.

62.     Defendant's current client's, Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd, interests are materially adverse to the Plaintiff as a former client given that there is a substantial risk that Plaintiff's confidential information will advance Defendant's client position in subsequent matters.

63.     Plaintiff never consented to Defendant's representation of Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd. Furthermore, Plaintiff sent a cease-and-desist letter to Defendant requesting that Defendant cease all representation of Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd.

64.     Defendant's misuse of Plaintiff's confidential information continues to put Plaintiff at risk of suffering irreparable harm.

**FIFTH CAUSE OF ACTION**

***Breach of Duty***

65.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

66.     Plaintiff claims a breach of the Defendant's duty to protect client confidences, imposed by the rules of ethics, a duty that is broader than the scope of the attorney client privilege. Rule 4-1.6 states that "[a] lawyer must not reveal information relating to a client's representation" *See* Rule 4-1.6(a) of the Florida Rules of Professional Conduct.

67.     The ethical rules of client-lawyer confidentiality forbid a lawyer from knowingly disclosing a "confidence" or "secret" of his client. Disciplinary Rule 4-101, American Bar Association Code of Professional Responsibility; *See also* N.Y.Jud.Law., Code of Professional Responsibility. Rule 4-101(A) defines a "confidence" to be any information that is protected by the attorney-client privilege under applicable law (thus including all material falling within the protection of the evidentiary privilege); the broader category of "secret" embraces all other information "gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client." *Morin v. Trupin,* 728 F.Supp.952, 955 (N.Y.S.D. 1989). The attorney-client privilege protects confidential communications between a client and his attorney when made for the purpose of obtaining or providing legal advice. *United Staes v. Construction Products Research, Inc.* 73 F.3d 464, 473 (2dCir. 1996). The privilege permits attorneys and their clients to communicate fully

and frankly and thereby to promote "broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981); *HSS Nordbank AG Florida Branch v. Swerdlow,* 259 F.R.D. 64, 77 (S.D.N.Y. 2009).

68.     Whether an attorney has breached its duty to the client depends on whether the duty fell within the scope of the attorney's employment. *International Tele-Marine Corp. v. Malone & Assoc.*, 845 F. Supp. 1427, 1433 (D. Colo. 1994). Confidential information consists of information gained during or relating to the attorney's employment and the representation of a client, whatever its source, that is (a) protected by the attorney-client privilege, (b) likely to be embarrassing or detrimental to the client if disclosed, or (c) information that the client has requested be kept confidential.

69.     Defendant previously provided legal counsel to Plaintiff and such relationship continues as neither Defendant nor Plaintiff has terminated the relationship.

70.     During the course of representation, Plaintiff disclosed confidential information to Defendant in the months of May, June, and July of 2018.

71.     As a current and former client, Defendant owed Plaintiff both a duty of confidentiality as well as of loyalty and sacrosanct trust.

72.     An attorney owes two different duties to former clients: (1) an attorney has a duty of confidentiality which prohibits an attorney from using against the former client any information or knowledge acquired by virtue of the representation of that client, and (2) an attorney has a duty of loyalty to the former client which prohibits the attorney from undertaking a representation adverse to a former client in a matter substantially related to the prior representation of that client. *In re Irwin J. Jaeger*, 213 B.R. 578, 587 (Bankr. C.D. Cal. 1997).

73.     Defendant breached the duty of confidentiality as well as the duty of loyalty by representing Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd in matters that are materially adverse to Plaintiff.

74.     Plaintiff requested Defendant cease and desist representation of Sunpower Business Group PTE Ltd and Tournan Trading PTE Ltd However, Defendant continues to represent these clients, while Plaintiff is still a client of Defendant.

75.     Defendant breached confidentiality by using Plaintiff's confidential information to the advantage of Defendant's current clients.

76.   Furthermore, Defendant breached loyalty by continuing to represent clients whose interests are materially adverse to Plaintiff.

## SIXTH CAUSE OF ACTION

### *Professional Negligence*

77.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

78.     The elements of a cause of action for professional negligence are: (1) the duty of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence. *Burgess v. Superior Court*, 2 Cal. 4th 1070, 1077 (Cal. 1992).

79.     It is well established that an attorney's duty of confidentiality is paramount to the attorney-client relationship.

80.    As such, attorneys have a duty, as attorneys and professionals, to use skill, prudence and diligence to protect the confidentiality and privacy of those who seek legal counsel.

81.    Additionally, as aforementioned in this complaint, attorneys have a duty to all clients, former or present.

82.    As such, Defendants owed Plaintiff duties by nature of the attorney-client relationship between Defendants and the Plaintiff. Particularly, Defendants owed Plaintiff confidentiality as a current and former client.

83.    However, rather than safeguarding that confidentiality, Defendants chose to share Plaintiff's confidential information with parties with adverse intentions.

84.    As a direct result of Defendants conduct, Plaintiff has irreparable harm in his financial, business, and personal capacity. Additionally, Defendants continue to advantageously use Plaintiff's confidential information as a bargaining mechanism.

85.    Plaintiff's harm continues today as Defendants continue to use and misuse Plaintiff's confidential information.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

Awarding Plaintiff compensatory damages, including actual, consequential, speculative, and incidental damages, for the breach of confidentiality, and breach of duty owed to a current and former client.

Awarding Plaintiff attorney's fees and costs.

Granting any such further relief as the Court deems appropriate including preliminary and permanent injunctive relief.

**JURY TRIAL DEMANDED**

Dated: December 4, 2023

_/s/ Jaitegh Singh_
Jaitegh Singh, Esq.
Attorney for Plaintiffs
8045 Leesburg Pike, Suite 510
Vienna, Virginia 22182
212-687-2578
jt@jtsinghlaw.com